**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| TERRY DOUGLAS, | : | Case No. 3:10-cv-188 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| | : | |
| vs. | | |
| | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] and
NOTICE REGARDING OBJECTIONS**

This case is before the Court on Plaintiff's Motion for Award of Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C.§ 2412(d). (Doc. 14). The parties have fully briefed the issues, (*see* docs. 14-16), and the matter is ripe for decision.

I.

Pursuant to the Equal Access to Justice Act ("EAJA"), Plaintiff seeks an award of attorney's fees in the amount of $2,362.38. (Doc. 14). In support of the Motion, Plaintiff's counsel has provided an itemization of time which reveals that counsel spent 13.75 hours representing her client in this matter. PageID 114. Plaintiff has also included information relating to the Consumer Price Index from 1996 through 2011. PageID 116. (Plaintiff does not seek an award of costs and

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

expenses. *Id.*) The Commissioner challenges the reasonableness of the amount of EAJA fees sought, claiming that both the proposed hourly rate, and the number of hours billed, are excessive.

An award of EAJA fees may be made in a Social Security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), that any fee application be presented to the Court within thirty days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990).

II.

Prevailing party status is obtained if the plaintiff has succeeded on any significant issue in the litigation which achieved some of the benefit sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, the District Court reversed the Commissioner's decision -- that Plaintiff was not disabled from January 17, 2005 through May 6, 2006 -- and ordered the payment of benefits for that period of time. It is undisputed that Plaintiff was a "prevailing party" in this case. Similarly, the Commissioner does not allege that the Government's position was "substantially justified," so the Court accepts the allegations in Plaintiff's petition that the position of the

Government was not so justified. *See* PageID 111; *see also* 28 U.S.C. § 2412(d)(1)(B). Likewise, there is no allegation by the Commissioner that "special circumstances make an award unjust." Nor is there an allegation that Plaintiff's petition is untimely. Rather, the only issue raised by the Commissioner -- and, thus, the only issue presently before the Court -- is the reasonableness of the fees sought by Plaintiff.

EAJA originally provided that attorney's fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. *See* The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that EAJA allows for a cost-of-living adjustment. *Begley v. Sec'y of H.H.S.*, 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are frequently granted, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id*. (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. § 2412(d)(2)(A).

The Consumer Price Index (CPI), published by the U.S. Department of Labor's Bureau of Labor Statistics, is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in November 2011, was 226.230. *See* www.bls.gov/cpi. The common ratio of change, then, is 1.45 (226.23 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap

results in a current hourly rate of $181.25 ($125.00 x 1.45). As noted above, Plaintiff seeks an award of $2,362.38 for 13.75 attorney hours which counsel expended on Plaintiff's behalf in this litigation. That fee represents a rate of $171.81 per attorney hour, which is less than the allowable EAJA fee of $181.25 per attorney hour. Therefore, Plaintiff's requested rate of $171.81 per attorney hour is deemed reasonable.

In addition to challenging the reasonableness of the hourly rate, the Commissioner also questions the legitimacy of several time entries submitted by Plaintiff's counsel. For instance, the Commissioner contends that 0.5 hours for the entry dated September 6, 2011 for "Review of Partially Favorable R&R; prepare Objections in Part to same" is unreasonable. Given the fact that the Report and Recommendation addressing the merits of this case was 19 pages in length, there is no question that this particular time entry for 0.5 hours is reasonable. Similarly, the Commissioner challenges the entries totaling 7.5 hours for counsel's preparation of Plaintiff's 18-page Statement of Specific Errors, and the 1.5 hours of time relating to counsel's review of the administrative transcript, which contains more than 600 pages. The Court concludes that under the facts of this case, the amount of time spent by Plaintiff's counsel on the documented tasks is reasonable, and finds the Commissioner's opposition to her time entries also to be without merit. Therefore, an EAJA fee of $2,362.38 is appropriate.

III.

For the foregoing reasons, the Court **RECOMMENDS** as follows:

1. Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act, (doc. 14), be **GRANTED**, and that Plaintiff's counsel be **AWARDED** $2,362.38 in attorney's fees pursuant to 28 U.S.C. § 2412(d); and

2. This case remain **TERMINATED** upon the docket of the Court.


January 23, 2012

                                               s/ **Michael J. Newman**
                                               United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)©, or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).