IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY DOUGLAS, | : | |
| Plaintiff, | : | Case No. 3:10-cv-188 |
| vs. | : | |
| | | JUDGE WALTER HERBERT RICE |
| MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant | | |

DECISION AND ENTRY SUSTAINING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #19); ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #18); PLAINTIFF TO BE AWARDED $1718.75 IN ATTORNEY'S FEES

Pursuant to 42 U.S.C. § 405(g), Plaintiff Terry Douglas challenged Defendant's decision to deny his applications for Supplemental Security Income and Disability Insurance Benefits. This matter was referred to United States Magistrate Judge Michael Newman for a Report and Recommendations. On August 17, 2011, he recommended that the Court affirm the non-disability finding from Plaintiff's alleged onset date of October 14, 2002, through January 16, 2005, reverse the non-disability finding for the closed period of January 17, 2005, through May 6, 2006, and remand the matter for an immediate award of benefits for that closed period. Doc. #9. On September 19, 2011, the Court adopted the

Report and Recommendations in their entirety. Doc. #12.

Thereafter, Plaintiff filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting fees in the amount of $2,362.38. Doc. #14. Defendant opposed the request. Doc. #16. The matter was again referred to Magistrate Judge Newman who, on January 13, 2012, issued a Report and Recommendations, recommending that Plaintiff's motion be granted and that Plaintiff's counsel be awarded the amount requested. Doc. #18. Defendant has filed objections, Doc. #19, and Plaintiff has filed a response, Doc. #20.

There is no question that Plaintiff is eligible for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A). In addition, Defendant does not object to Magistrate Judge Newman's conclusion that Plaintiff's counsel reasonably expended 13.75 hours working on the case. The only issue still in dispute is whether the Magistrate Judge erred in finding that Plaintiff adequately justified an entitlement to the requested hourly rate of $171.81.

Title 28 United States Code § 2412(d)(2)(A) states that attorney's fees "shall be based upon prevailing market rates for the kind and quality of services furnished except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee."

In support of the fee request, Plaintiff's counsel submitted her time sheets, along with the United States Department of Labor's Consumer Price Index showing yearly cost-of-living increases from 1996, when the $125 statutory cap was set, through 2010. Applying the relevant ratio of 1.45 to that cap, Magistrate Judge Newman calculated a current allowable hourly rate of $181.25. He concluded that the requested hourly rate of $171.81 was reasonable, and that Plaintiff was therefore entitled to $2362.38 in attorney's fees. Doc. #18.

Defendant objects to this portion of the Report and Recommendations. He acknowledges that the court has discretion to award fees greater than the $125 per hour statutory rate. *Begley v. Secretary of Health and Human Servs.*, 966 F.2d 196, 198-99 (6th Cir. 1992). He notes, however, that the plaintiff has the burden of proving that a rate increase is justified. *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). Defendant argues that the Magistrate Judge failed to address Defendant's argument that Plaintiff failed to satisfy this burden.

In *Bryant*, the court noted that the plaintiff must produce evidence, in addition to the attorney's own affidavits, that the requested hourly rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The court in *Bryant* found that the plaintiff had failed to satisfy the burden of proof, having submitted "only the

3

Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." *Id.* The court held that "[t]his is not enough." *Id. See also Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (holding that there is no entitlement under the EAJA to an inflation adjustment; rather, "the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government").

Plaintiff notes that the undersigned judge and his Dayton colleagues have repeatedly found that the Consumer Price Index justifies an increase in the statutory hourly rate, and have repeatedly found that hourly rates of $171 per hour were reasonable. In support, Plaintiff cites to seven recent Social Security cases.[1] Notably, in those cases, Defendant did not challenge the hourly rate requested. In contrast, in this case, Defendant *has* challenged the sufficiency of evidence presented in support of Plaintiff's request for an hourly rate above the statutory cap.

When presented with similar challenges, many of the undersigned's colleagues in this district have found that plaintiffs who submitted only the Consumer Price Index failed to meet their burden of proof and were therefore

---

[1] These include *Durrell v. Commissioner*, No. 3:09-cv-165, *Hall v. Commissioner*, No. 3:09-cv-391, *Maddex v. Commissioner*, No. 3:10-cv-159, *Hurley v. Commissioner*, No. 3:09-cv-450, *Kramer v. Commissioner*, No. 3:10-cv-270, *Nobles v. Commissioner*, No. 3:09-cv-164, and *Simpson v. Commissioner*, No. 3:09-cv-143.

limited to the statutory cap of $125 per hour. *See Willis v. Astrue*, No. 1:10-cv-594, 2012 WL 481357, at *3 (S.D. Ohio Feb. 14, 2012); *Bushor v. Commissioner of Social Security*, No. 1:09-cv-320, 2011 WL 3438439, at *4 (S.D. Ohio Aug. 5, 2011); *Wise v. Astrue*, No. 2:09-cv-355, 2010 WL 5071040, at *2 (S.D. Ohio Dec. 7, 2010).

In accordance with the Sixth Circuit's decision in *Bryant*, the Court finds that Defendant's Objections are well-taken. The submission of the Consumer Price Index, standing alone, is insufficient to satisfy the burden of proving that the higher hourly rate requested by counsel is justified. Additional proof, that the "requested rates are in line with those prevailing in the community for similar services offered by lawyers of reasonably comparable skill, experience, and reputation," is required. *Bryant*, 578 F.3d at 450. Plaintiff has submitted none. Plaintiff's attorney's fees shall therefore be limited to the statutory cap of $125 per hour. For 13.75 hours, this results in an award of attorney's fees of $1718.75.

For the reasons set forth above, the Court SUSTAINS Defendant's Objections to the Report and Recommendations. Doc. #19. The Magistrate Judge's Report and Recommendations, Doc. #18, are ADOPTED IN PART and OVERRULED IN PART. Plaintiff's attorney's fee award is REDUCED to $1718.75.

Date: March 19, 2012

*[signature]*
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record